**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AXCESS GLOBAL SCIENCES, LLC,** | § | |
| | § | **CASE NO: 4:22-CV-04080-KES** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| **TOP NOTCH NUTRITION INC.** | § | |
| | § | |
| **Defendant** | § | |
| | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Top Notch Nutrition Inc. ("Top Notch" or "Defendant") hereby answers the first amended complaint ("FAC") of Plaintiff, Axcess Global Sciences, LLC as follows:

**THE PARTIES**

1. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 1 of the FAC and, on that basis, denies them.

2. Top Notch admits that Top Notch is a South Dakota corporation with a principal place of business at 650 Enchanted Pines Drive., Rapid City, South Dakota 57701.

3. Top Notch admits that it does business in the state of South Dakota. Top Notch denies the remaining allegations of paragraph 3 of the FAC.

**JURISDICTION**

4. Top Notch denies that it has committed any acts of infringement. Top Notch admits that AGS alleges claims under the patent laws of the United States, Title 35 United States Code.

5. Top Notch admits that the Court has personal jurisdiction over Top Notch solely for this action and makes no admissions otherwise. Top Notch denies the remaining allegations of paragraph 5 of the FAC.

6. Top Notch admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Top Notch denies that venue is proper under 28 U.S.C. § 1391, but admits that venue is proper under 28 U.S.C. § 1400(b) solely for this action and makes no admissions otherwise. Top Notch denies that it has committed any acts of patent infringement in this venue or elsewhere. Top Notch denies the remaining allegations of paragraph 7 of the FAC.

## BACKGROUND

8. Top Notch admits that the reproduced text is from the '362 Patent and the '403 Patent. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the other allegations of paragraph 8 of the FAC and, on that basis, denies them.

9. Top Notch admits that it has sold a supplement called Keto Magic on its website and that the image in paragraph 9 of the FAC is from Top Notch's website, but denies that it is a complete or accurate representation of Top Notch's website or its description. Top Notch denies the remaining allegations of paragraph 9 of the FAC.

10. Top Notch admits that Walmart has sold Top Notch's Keto Magic on the Walmart website and that the image in paragraph 10 of the FAC is from Walmart's website, but denies that it is a complete or accurate representation of Walmart's website or its description. Top Notch denies the remaining allegations of paragraph 10 of the FAC.

11. Top Notch admits that the image in paragraph 11 of the FAC is from Top Notch's website, but denies that it is a complete or accurate representation of Top Notch's website or its description. Top Notch denies the remaining allegations of paragraph 11 of the FAC.

12. Top Notch admits that the image in paragraph 12 of the FAC is from Top Notch's website, but denies that it is a complete or accurate representation of Top Notch's website or its description. Top Notch denies the remaining allegations of paragraph 12 of the FAC.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,613,356**

13. Top Notch incorporates and restates its responses to the allegations set forth in paragraphs 1 through 12 of the FAC.

14. Top Notch admits that the '356 Patent on its face is titled "Weight loss medication and method" and that it identifies September 2, 2003 as its issue date. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the identified issue date. Top Notch also admits that a copy purporting to be the '356 Patent is attached to the FAC as Exhibit A.

15. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 15 of the FAC and, on that basis, denies them.

16. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 16 of the FAC and, on that basis, denies them.

17. Top Notch admits that it offered for sale, sold, and distributed the Keto Magic exogenous ketones. Top Notch denies the remaining allegations of paragraph 17 of the FAC.

18. Top Notch admits that the reproduced text is from the '356 Patent. Top Notch denies the remaining allegations of paragraph 18 of the FAC.

19. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 19 of the FAC.

20. Top Notch admits that the reproduced text is from the '356 Patent. Top Notch admits that the image in paragraph 20 of the FAC is from Top Notch's website, but denies that it is a complete or accurate representation of Top Notch's website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 20 of the FAC.

21. Top Notch admits that the reproduced text is from the ’356 Patent. Top Notch admits that the image in paragraph 21 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 21 of the FAC.

22. Top Notch admits that the reproduced text is from the ’356 Patent. Top Notch admits that the image in paragraph 22 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 22 of the FAC.

23. Top Notch admits that the reproduced text is from the ’356 Patent. Top Notch admits that the image in paragraph 23 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 23 of the FAC.

24. Top Notch admits that the reproduced text is from the ’356 Patent. Top Notch admits that the image in paragraph 24 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion

and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 24 of the FAC.

25. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 25 of the FAC.

26. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 26 of the FAC.

27. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 27 of the FAC.

28. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 28 of the FAC and, on that basis, denies them.

29. Top Notch denies the allegations of paragraph 29 of the FAC.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 10,292,952**

30. Top Notch incorporates and restates its responses to the allegations set forth in paragraphs 1 through 29 of the FAC.

31. Top Notch admits that the ’952 Patent on its face is titled “Beta-hydroxybutyrate mixed salt compositions and methods of use” and that it identifies May 21, 2019 as its issue date. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the identified issue date. Top Notch also admits that a copy purporting to be the ’952 Patent is attached to the FAC as Exhibit B.

32. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 32 of the FAC and, on that basis, denies them.

33. Top Notch admits that it offers for sale, sells, and distributes the Keto Magic exogenous ketones. Top Notch denies the remaining allegations of paragraph 33 of the FAC.

34. Top Notch admits that the reproduced text is from the ’952 Patent. Top Notch denies the remaining allegations of paragraph 34 of the FAC.

35. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 35 of the FAC.

36. Top Notch admits that the reproduced text is from the ’952 Patent. Top Notch admits that the image in paragraph 36 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 36 of the FAC.

37. Top Notch admits that the reproduced text is from the ’952 Patent. Top Notch admits that the image in paragraph 37 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 37 of the FAC.

38. Top Notch admits that the reproduced text is from the ’952 Patent. Top Notch admits that the image in paragraph 38 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 38 of the FAC.

39. Top Notch admits that the reproduced text is from the '952 Patent. Top Notch admits that the image in paragraph 39 of the FAC is from Facebook's website, but denies that it is a complete or accurate representation of Top Notch's Facebook account including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 39 of the FAC.

40. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 40 of the FAC.

41. Top Notch denies the allegations of paragraph 41 of the FAC.

42. Top Notch denies the allegations of paragraph 42 of the FAC.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 11,020,362**

43. Top Notch incorporates and restates its responses to the allegations set forth in paragraphs 1 through 42 of the FAC.

44. Top Notch admits that the '362 Patent on its face is titled "Beta-hydroxybutyrate mixed salt compositions and methods of use" and that it identifies June 1, 2021 as its issue date. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the identified issue date. Top Notch also admits that a copy purporting to be the '362 Patent is attached to the FAC as Exhibit C.

45. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 45 of the FAC and, on that basis, denies them.

46. Top Notch admits that it offers for sale, sells, and distributes the Keto Magic exogenous ketones. Top Notch denies the remaining allegations of paragraph 46 of the FAC.

47. Top Notch admits that the reproduced text is from the '362 Patent. Top Notch denies the remaining allegations of paragraph 47 of the FAC.

48. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 48 of the FAC.

49. Top Notch admits that the reproduced text is from the '362 Patent. Top Notch admits that the image in paragraph 49 of the FAC is from Top Notch's website, but denies that it is a complete or accurate representation of Top Notch's website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 49 of the FAC.

50. Top Notch admits that the reproduced text is from the '362 Patent. Top Notch admits that the image in paragraph 50 of the FAC is from Top Notch's website, but denies that it is a complete or accurate representation of Top Notch's website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 50 of the FAC.

51. Top Notch admits that the reproduced text is from the '362 Patent. Top Notch admits that the image in paragraph 51 of the FAC is from Facebook's website, but denies that it is a complete or accurate representation of Top Notch's Facebook account including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 51 of the FAC.

52. Top Notch admits that the reproduced text is from the '362 Patent. Top Notch admits that the image in paragraph 52 of the FAC is from Top Notch's website, but denies that it is a complete or accurate representation of Top Notch's website or its description including the

highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 52 of the FAC.

53. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 53 of the FAC.

54. Top Notch denies the allegations of paragraph 54 of the FAC.

55. Top Notch denies the allegations of paragraph 55 of the FAC.

56. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 56 of the FAC.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 11,241,403

57. Top Notch incorporates and restates its responses to the allegations set forth in paragraphs 1 through 56 of the FAC.

58. Top Notch admits that the ’403 Patent on its face is titled “Beta-hydroxybutyrate mixed salt compositions and methods of use” and that it identifies February 8, 2022 as its issue date. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the identified issue date. Top Notch also admits that a copy purporting to be the ’403 Patent is attached to the FAC as Exhibit D.[1]

59. Top Notch lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 59 of the FAC and, on that basis, denies them.

60. Top Notch admits that it offers for sale, sells, and distributes the Keto Magic exogenous ketones. Top Notch denies the remaining allegations of paragraph 60 of the FAC.

---

[1] Top Notch notes that AGS mistakenly listed Exhibit B in lieu of Exhibit D in the FAC.

61. Top Notch admits that the reproduced text is from the ’403 Patent. Top Notch denies the remaining allegations of paragraph 61 of the FAC.

62. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 62 of the FAC.

63. Top Notch admits that the reproduced text is from the ’403 Patent. Top Notch admits that the image in paragraph 63 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 63 of the FAC.

64. Top Notch admits that the reproduced text is from the ’403 Patent. Top Notch admits that the image in paragraph 64 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 64 of the FAC.

65. Top Notch admits that the reproduced text is from the ’403 Patent. Top Notch admits that the image in paragraph 65 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 65 of the FAC.

66. Top Notch admits that the reproduced text is from the ’403 Patent. Top Notch admits that the image in paragraph 36 of the FAC is from Top Notch’s website, but denies that it is a complete or accurate representation of Top Notch’s website or its description including the highlighted text which was not part of the original image. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the remaining allegations of paragraph 66 of the FAC.

67. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 67 of the FAC.

68. Top Notch denies the allegations of paragraph 68 of the FAC.

69. Top Notch denies the allegations of paragraph 69 of the FAC.

70. This allegation states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Top Notch denies the allegations of paragraph 70 of the FAC.

## PRAYER FOR RELIEF

Top Notch denies that Plaintiff is entitled to any of the relief requested in the FAC or any relief whatsoever. Top Notch denies all allegations in the FAC that have not been specifically admitted in paragraphs 1-70 above.

## AFFIRMATIVE DEFENSES

Top Notch asserts the following affirmative defenses to the FAC. In doing so, Top Notch does not assume any burden of proof on any issue that is AGS’s burden as a matter of law. Top Notch also reserves the right to amend or supplement these defenses as additional facts become known.

### FIRST DEFENSE: FAILURE TO STATE A CAUSE OF ACTION

The FAC fails to allege facts sufficient to state a cause of action upon which relief may be granted.

**SECOND DEFENSE: NON-INFRINGEMENT ('356 PATENT)**

Top Notch has not infringed, and currently does not infringe, any valid claim of the '356 Patent and is not liable for any infringement.

**THIRD DEFENSE: INVALIDITY ('356 PATENT)**

The '356 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112. Without limitation, there have been products intended to increase blood ketone levels using the same combinations of salts identified in the patent claims, or from which the claimed combinations would be obvious to one of ordinary skill in the art.

**FOURTH DEFENSE: NON-INFRINGEMENT ('952 PATENT)**

Top Notch has not infringed, and currently does not infringe, any valid claim of the '952 Patent and is not liable for any infringement.

**FIFTH DEFENSE: INVALIDITY ('952 PATENT)**

The '952 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112. Without limitation, there have been products intended to increase blood ketone levels using the same combinations of salts identified in the patent claims, or from which the claimed combinations would be obvious to one of ordinary skill in the art.

**SIXTH DEFENSE: NON-INFRINGEMENT ('362 PATENT)**

Top Notch has not infringed, and currently does not infringe, any valid claim of the '362 Patent and is not liable for any infringement.

**SEVENTH DEFENSE: INVALIDITY ('362 PATENT)**

The '362 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112. Without limitation, there have been products intended to increase blood ketone levels using the same combinations of salts identified in the patent claims, or from which the claimed combinations would be obvious to one of ordinary skill in the art.

**EIGHTH DEFENSE: NON-INFRINGEMENT ('403 PATENT)**

Top Notch has not infringed, and currently does not infringe, any valid claim of the '403 Patent and is not liable for any infringement.

**NINTH DEFENSE: INVALIDITY ('403 PATENT)**

The '403 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. § 101 and one or more of 35 U.S.C. §§ 102, 103, and/or 112. Without limitation, there have been products intended to increase blood ketone levels using the same combinations of salts identified in the patent claims, or from which the claimed combinations would be obvious to one of ordinary skill in the art.

**TENTH DEFENSE: ESTOPPEL**

The relief sought by AGS is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the '356 Patent, the '952 Patent, the '362 Patent and the '403 Patent.

**ELEVENTH DEFENSE: LIMITATION ON DAMAGES AND COSTS**

AGS's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287. To the extent asserted claims of the '356 Patent, the '952 Patent, the '362 Patent and the '403 Patent are invalid, AGS is barred from recovering costs by 35 U.S.C. § 288.

**TWELFTH DEFENSE: GOOD FAITH**

Top Notch has engaged in all relevant activities in good faith, thereby precluding AGS, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

**RESERVATION OF ADDITIONAL DEFENSES**

Top Notch reserves the right to assert additional affirmative defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Top Notch prays for judgment with respect to AGS's FAC and Top Notch's defenses as follows:

A. A judgment in favor of Top Notch denying AGS all relief requested in its FAC and dismissing its FAC with prejudice;

B. A judgment against AGS finding that Top Notch has not infringed and does not infringe and is not liable for any infringement of any valid and enforceable claim of the '356 Patent, the '952 Patent, the '362 Patent and the '403 Patent;

C. A judgment against AGS finding that the '356 Patent, the '952 Patent, the '362 Patent and the '403 Patent are invalid;

D. A judgment that this is an exceptional within the meaning of 35 U.S.C. § 285 and awarding Top Notch its reasonable attorneys' fees;

E. For an award of costs to Top Notch; and

F. Such other relief as this Court shall deem just and proper.

**DEMAND FOR JURY TRIAL**

Top Notch hereby requests a trial by jury on all issues so triable including specifically on AGS's claims and Top Notch's defenses thereto.

Dated this 21st day of September, 2022.

Respectfully submitted,

*/s/ Lisa M. Prostrollo*________________

Lisa M. Prostrollo
Redstone Law Firm LLP
1300 W. 57th Street, Suite 101
Sioux Falls, SD 57108
(605) 331-2975
lisa@redstonelawfirm.com
*Attorney for Defendant Top Notch Nutrition Inc.*

**CERTIFICATE OF SERVICE**

Lisa M. Prostrollo hereby certifies on this 21st day of September, 2022, I caused the foregoing to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-mail notice of electronic filing to the following:

Tim R. Shattuck
Woods, Fuller, Shultz & Smith P.C.
300 S. Phillips Ave., Ste. 300
P.O. Box 5027
Sioux Falls, SD 57117-5027
tim.shattuck@woodsfuller.com

and

Brian N. Platt, *Pro Hac Vice* pending
Timothy D. Nichols, *Pro Hac Vice* pending
Workman Nydegger
60 East South Temple Suite 1000
Salt Lake City, UT 84111
bplatt@wnlaw.com
tnichols@wnlaw.com

*Attorneys for Plaintiff Axcess Global Sciences, LLC*

*/s/ Lisa M. Prostrollo*______________
Lisa M. Prostrollo